UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SANNIU LIU,

                        Plaintiff,

   -against-

NEW YORK NEUROMODULATION
MEDICAL, P.L.L.C., and KYLE LAPIDUS,

                        Defendants.
-------------------------------------------------------------X

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR DISMISSAL PURSUANT TO FED. R. CIV. P. 12(b)(1) AND (6)**

Peter A. Romero, Esq.
Law Office of Peter A. Romero, Esq
*Attorney for Defendants*
825 Veterans Highway
Hauppauge, New York 11788
Tel.: (631) 257-5588

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………………..1

STATEMENT OF FACTS……………………………………………………………………….....1

ARGUMENT…………………………………………………………………………………….....2

I.     MOTION TO DISMISS STANDARD……………………………………………………2

II.    PLAINTIFF'S FLSA CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM……………………………………………………………………….....3

III.   PLAINTIFF'S NEW YORK LABOR LAW CLAIMS SHOULD BE DISMISSED……..4

IV.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER PLAINTIFF'S STATE LAW CLAIMS…………………...…….5

CONCLUSION……………………………………………………………………………………6

# TABLE OF AUTHORITIES

**Case Law**

*Acosta v. The Yale Club*, Docket No. 94-CV-0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995)….4

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)……………………………………………………………….2

*Boutros v. JTC Painting & Decorating Corp.*, 989 F. Supp. 2d 281 (S.D.N.Y. 2013)……………..4

*Bustillos v. Acad. Bus, LLC*, 2014 WL 116012 (S.D.N.Y. Jan. 13, 2014)…………………………4

*Casci v. Nat'l Fin. Network*, 2015 WL 94229 (E.D.N.Y. Jan. 7, 2015)……………………………4

*Desilva v. North Shore-Long Island Jewish Health Sys., Inc.*,

   770 F.Supp.2d 497 (E.D.N.Y. 2011)……………………………………….…………...4

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F. 3d 85 (2d Cir. 2013)…………………………………....4

*Ghosh v. Neurological Servs. of Queens*, 2015 WL 431807 (E.D.N.Y. Feb. 3, 2015)……………..3

*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009)……………………………………………………...2

*Isett v. Aetna Life Ins. Co.*, 947 F.3d 122 (2d Cir. 2020)…………………………………………...3

*Klein & Co. Fixtures v. Bd. Of Trade of City of New York*, 464 F.3d 255 (2nd Cir. 2006)………....5

*Lerner v. Fleet Bank, N.A.*, 318 F.3d 113 (2d Cir. 2003)…………………………………………...5

*Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106 (2d Cir. 2013)…………………..4

*Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013)………………..4

*Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428 (S.D.N.Y. 2016)……………….5

**Statutes and Regulations**

12 NYCRR § 142-2.2…………………………………………………………………………...4

12 NYCRR § 142-2.14……………………………………………………………………….…4

29 C.F.R. § 541.301……………………………………………………………………..…3-4

**PRELIMINARY STATEMENT**

Defendants, New York Neuromodulation Medical, P.L.L.C. and Kyle Lapidus ("Defendants"), by and through their attorneys, the Law Office of Peter A. Romero PLLC, submit this Memorandum of Law in support of their motion to dismiss all claims in the Amended Complaint [DE 20] filed by Plaintiff Sanniu Liu ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). The Amended Complaint should be dismissed for lack of subject matter jurisdiction and because it fails to state a claim for which relief can be granted. Plaintiff, a highly compensated registered psychiatric nurse, entered an employment contract with Defendants that provided an annual salary of $144,500.00. Plaintiff's Amended Complaint attempts to masquerade her claim for alleged breach of contract as a claim under the Fair Labor Standards Act ("FLSA") in order to invoke federal question jurisdiction. The Amended Complaint establishes that Plaintiff has no basis for a claim under the FLSA, which expressly exempts from its coverage employees like Plaintiff, who are compensated on a salary basis and are employed in a professional capacity. For the reasons set forth below, the Court should dismiss Plaintiff's FLSA claim and decline to exercise supplemental jurisdiction over her common law breach of contract claim.

**STATEMENT OF FACTS**

Plaintiff commenced this action against Defendants June 30, 2020. [DE 1] Defendants filed a motion to dismiss the Complaint on September 7, 2020. [DE 12-14] On January 14, 2021, Plaintiff filed an Amended Complaint ("Amend. Compl."). [DE 20] The Amended Complaint alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which is premised on federal question jurisdiction. Amend. Compl. ¶ 6 Plaintiff alleges that "Defendants were engaged in the business of providing medical field services to the public." Amend. Compl. ¶ 15. Plaintiff alleges that she was "employed by Defendants from on or about May 22, 2019 to on

1

or about September 14, 2019." Amend. Compl.¶ 17.  Plaintiff alleges that she was "employed by Defendants to provide medical related work in the field." Amend. Compl. ¶ 18.  Plaintiff was employed by Defendants as a Nurse Practitioner and is licensed by the State of New York to be a Nurse Practitioner in Psychiatry.[1] *See* Exhibit A to Declaration of Peter A. Romero.  Plaintiff alleges that she was initially paid an agreed upon salary of $2,778.85 per week (an annual salary of $144,500.00). Amend. Compl. ¶ 20.  Plaintiff alleges that she and Defendants entered into a subsequent contract which reduced her salary from $2,778.85 per week to $1,732.69 per week (an annual salary of $90,099.88). Amend. Compl. ¶ 21.

Plaintiff's First Cause of Action asserts claims for unpaid overtime and minimum wages under the Fair Labor Standards Act, 29 U.S.C. 201 et seq. ("FLSA"). Amend. Compl. ¶ 42-48.  The First Cause of Action is the only federal claim asserted in the Amended Complaint and is, therefore, the sole basis pleaded for subject matter jurisdiction.

## ARGUMENT

**I.       MOTION TO DISMISS STANDARD**

In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris*, 572 at 72 (quoting *Iqbal, supra*).

---

[1] http://www.nysed.gov/coms/op001/opsc2a?profcd=40&plicno=402478&namechk=LIU

## II.  PLAINTIFF'S FLSA CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

The FLSA expressly exempts employees like Plaintiff, who are compensated on a salary basis and employed in a professional capacity. *See Ghosh v. Neurological Servs. of Queens*, 2015 WL 431807, at *3 (E.D.N.Y. Feb. 3, 2015) (citing 29 C.F.R. §§ 541.301) (plaintiff, a licensed physical therapist with a master's degree in science and a $70,000.00 yearly salary, was "clearly a bona fide professional as the FLSA defines the term, and not covered by the statute's minimum-wage protections.").

Plaintiff is exempt under the FLSA because she was employed in a bona fide professional capacity.  Plaintiff is licensed by the State of New York to be a Nurse Practitioner in Psychiatry. The FLSA expressly contemplates that registered nurses, such as Plaintiff, qualify for the "learned professional" exemption, stating that "[r]egistered nurses who are registered by the appropriate State examining board generally meet the duties requirements for the learned professional exemption." 29 C.F.R. § 541.301(e)(2).  Thus, Plaintiff is exempt under the FLSA. *See Isett v. Aetna Life Ins. Co.*, 947 F.3d 122, 125 (2d Cir. 2020) (citing 29 C.F.R. § 541.301(e)(2)) (affirming judgment that a registered nurse was classified properly as exempt under the professional exemption and dismissing FLSA claims).  Accordingly, Plaintiff's FLSA claim, which is the sole predicate for federal jurisdiction, should be dismissed with prejudice.

Alternatively, Plaintiff's FLSA claims should be dismissed because the Amended Complaint fails to plausibly state a claim.  The Amended Complaint fails to plead basic elements of a cognizable overtime claim.  For example, Plaintiff alleges in a conclusory manner that she worked "50-55 hours or more each week" without any detail whatsoever regarding her work schedule, the specific hours worked, the times that she started and finished each day, and other facts that might make her claim plausible. Amend. Compl. ¶ 25.  These are the kinds of boilerplate

3

allegations the Second Circuit has condemned. *Lundy v. Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 113, 118 (2d Cir. 2013); *DeJesus v. HF Mgmt. Servs., LLC*, 726 F. 3d 85, 89 n. 5 (2d Cir. 2013); *Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013); *see also Bustillos v. Acad. Bus, LLC*, 2014 WL 116012, at *3 (S.D.N.Y. Jan. 13, 2014) (plaintiff's allegation that he "would regularly work from 60 to 90 hours per week" was an insufficient "conclusory assertion"); *Desilva v. North Shore-Long Island Jewish Health Sys., Inc.*, 770 F.Supp.2d 497, 509 (E.D.N.Y. 2011) (dismissing plaintiffs' complaint that failed to offer factual allegations about when the alleged unpaid wages were earned); *Acosta v. The Yale Club*, Docket No. 94-CV-0888, 1995 WL 600873 (S.D.N.Y. Oct. 12, 1995) ("[S]imply stating that [a plaintiff] w[as] not paid for overtime work does not sufficiently allege a violation of Section 7 of the FLSA."); *Casci v. Nat'l Fin. Network*, 2015 WL 94229, at *3 (E.D.N.Y. Jan. 7, 2015); *Boutros v. JTC Painting & Decorating Corp.*, 989 F. Supp. 2d 281, 283 (S.D.N.Y. 2013).

Thus, Plaintiff's FLSA claims must be dismissed because Plaintiff fails to allege basic material facts to sustain such claims.

### III. PLAINTIFF'S NEW YORK LABOR LAW CLAIMS SHOULD BE DISMISSED

Plaintiff's Second Cause of Action alleges unpaid wages under New York Labor Law. New York State Regulation 12 NYCRR § 142-2.2 states that "employees" must be paid overtime wages for all hours worked in excess of 40 per week. The Regulation, however, exempts from the definition of the term "employee" persons employed in bona fide executive, administrative, or professional capacities. 12 NYCRR § 142-2.14(c)(4). The language set forth in the Regulation is almost identical to that used in 29 C.F.R. § 541.301(a), which provides for the exemption under the FLSA. The New York State Department of Labor has stated:

> There can be no doubt that a registered nurse meets the definition of a person in a "bona fide professional capacity." Accordingly, such

>a person is not an "employee" or the purposes of 12 NYCRR 142-2.2.

*See* NYS DOL Request for Opinion, October 23, 2008, Romero Declaration Exhibit B.

Plaintiff's New York Labor Law claims, like her FLSA claim, must be dismissed because Plaintiff is a registered nurse and exempt from the provisions of the New York Labor Law.

### IV. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURSIDICTION OVER PLAINTIFF'S STATE LAW CLAIMS

It is well settled that where federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state court claims. *See Klein & Co. Fixtures v. Bd. Of Trade of City of New York*, 464 F.3d 255, 262 (2nd Cir. 2006); *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 130 (2d Cir. 2003) ("In most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage."); *Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 435 (S.D.N.Y. 2016), *aff'd*, 692 F. Appx. 51 (2d Cir. 2017) (granting defendant's motion pursuant to Fed. R. Civ. P. 12(b)(6) because the FLSA's "professional capacity" exemption applied to plaintiff's employment and declining to exercise supplemental jurisdiction over plaintiff's remaining NYLL claims).

Here, since Plaintiff's FLSA claim should be dismissed because she is an exempt professional, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims for breach contract and constructive discharge.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's First Cause of Action under the FLSA with prejudice, dismiss Plaintiff's New York State Labor Law claims, decline to exercise supplemental jurisdiction over any remaining state law claims, and grant such other and further relief as the Court deems just and proper.

Date:  Hauppauge, New York
       February 3, 2021

                                                LAW OFFICE OF PETER A. ROMERO PLLC

By:    ***/s Peter A. Romero***_____
        Peter A. Romero, Esq.
        *Attorney for Defendants*
        825 Veterans Highway Ste. B
        Hauppauge, New York 11788
        (631) 257-5588