UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

SANNIU LIU,

                  Plaintiff,

-v-

NEW YORK NEUROMODULATION
MEDICAL, P.L.L.C, and KYLE
LAPIDUS,

                  Defendants.

20-CV-5000 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Sanniu Liu, a registered nurse practitioner, brings this action against New York Neuromodulation Medical, P.L.L.C. ("NY Neuro") and Kyle Lapidus, who allegedly owned NY Neuro, for violations of the Fair Labor Standards Act (FLSA) and related claims under New York employment law. Defendants move to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the reasons that follow, Defendants' motion is denied.

**I.    Background**

      The following facts are taken from the operative complaint and documents incorporated by reference therein. *Kinsey v. New York Times Co.*, 991 F.3d 171, 174 (2d Cir. 2021) (citation omitted).

      Liu is a registered nurse practitioner. (Dkt. No. 33-1 at 2.[1]) She was employed by Defendants from around May 22 until September 14, 2019. (Dkt. No. 20 ("FAC") ¶ 17.) This included three days in May 2019 during which Liu worked at least 18.5 uncompensated hours. (FAC ¶ 19.) She entered into an employment contract with Defendants on June 2, 2019 with a weekly salary of $2,778,85 and another on August 4, 2019, for which her weekly salary was

---

[1] Given the lack of page numbering, the Court uses the ECF-generated numbering.

$1,732.69.  (FAC ¶¶ 20–21.)  She was not paid any wages for three weeks of work in July and August and for two weeks in September.  (FAC ¶¶ 22, 24.)  During her employment, Liu worked at least 50 hours per week, 7 days a week.  (FAC ¶ 25.)

After unsuccessfully seeking payment from Defendants (FAC ¶ 39), Liu filed suit on June 30, 2020, alleging violations of the FLSA and New York employment laws (Dkt. No. 1).  She amended her complaint once in response to a motion to dismiss.  (FAC.)

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In considering the motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint."  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002).  And while "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, the Court must draw "all inferences in the light most favorable to the nonmoving party[ ]," *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).

## III. Discussion

Defendants first argue that Liu, as a certified nurse practitioner, is exempt from FLSA as a learned professional.  As such, they contend that this Court lacks subject matter jurisdiction as this case does not fall under the FLSA, the basis for Liu's federal jurisdiction.  Liu responds that Defendants have failed to carry their burden to show she is exempt.  Liu is correct in that "[a] claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim."  *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 91 (2d Cir. 2013).  The learned professional exception requires an employer to demonstrate that an

employee was paid on a salary basis and that the employee's primary duty requires, as relevant here, "learning customarily acquired by a prolonged course of specialized intellectual instruction." 29 C.F.R. § 541.300(a); *see also, e.g.*, *Padilla v. Sheldon Rabin, M.D., P.C.*, 176 F. Supp. 3d 290, 298 (E.D.N.Y. 2016) (describing the learned professional exemption).

With regard to the "primary duty" requirement, Liu argues that the only descriptor of her work in the complaint was that she was employed "to provide medical related work in the field, as a manual worker . . . who as an essential part of her job operated a vehicle and/or handled and transported computer and supplies, etc.." (FAC ¶ 18.)  This description of her work, however, sidesteps the crucial fact that Liu was a "nurse practitioner" according to her employment contracts, which are incorporated into the complaint by reference. (Dkt. No. 33-1.)  Regulations promulgated under the FLSA expressly contemplate that registered nurses "generally meet the duties requirement for the learned professional exemption." 29 C.F.R. § 541.301(e)(2).  Moreover, the job of nurse practitioner typically requires more education and entailing greater responsibility than a registered nurse.

Nevertheless, job titles are not dispositive, and at this stage the Court must construe all facts in Liu's favor.  Here, while her title was nurse practitioner, Liu alleges that she performed manual labor.  (FAC ¶ 18.)  The only part of the record that sheds light on her actual job duties is the "Collaborative Practice Agreement," which explains the scope of practice of a registered nurse practitioner.  (Dkt. No. 33-1 at 2.)  Her actual employment contracts do not specify any job duties, but merely reference a title.  (Dkt. No. 33-1 at 4–13.)  Even if the employment contract

3

did specify certain job duties, the Court would be required to accept the truth of the complaint's factual allegations — here, that Liu largely performed manual labor.[2]

Defendants next argue that Liu's claims should be dismissed for failure to state a claim because her allegations are only conclusory. But Liu's allegations are distinguishable from the authorities cited by Defendants. In *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, the Second Circuit noted that plaintiffs had not alleged that they were scheduled to work forty hours in a given week, foreclosing a FLSA overtime claim. 723 F.3d 192, 201 (2d Cir. 2013). ("To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). The plaintiff in *Dejesus v. HF Mgmt. Servs., LLC* failed to "estimate her hours in any or all weeks" with a complaint "devoid of any numbers to consider beyond those plucked from the statute," requiring dismissal of her FLSA overtime claims. 726 F.3d 85, 89–90 (2d Cir. 2013). And the *Lundy v. Catholic Health Sys. of Long Island Inc.* plaintiff failed to "sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." 711 F.3d 106, 114 (2d Cir. 2013).

Liu here specifies the hours she worked per week and the amount she was paid per week. (FAC ¶¶ 19–25.) While pleaded somewhat generally, there is "sufficient detail" for this Court to make a "reasonable inference that [Liu] worked more than forty hours" in certain weeks. *Nakahata*, 723 F.3d at 201. Unlike the *Dejesus* plaintiff, Liu has provided certain numbers allowing this Court to make such an inference; moreover, she sufficiently pleads failure to pay

---

[2] Defendants argue that Liu's New York Labor Law claims should be dismissed on a similar basis. The Court's analysis under the FLSA applies with equal force to her NYLL claims.

minimum wage in the weeks in which Liu alleges she was not paid at all.  (FAC ¶¶ 19, 22.)  This is sufficient to survive a motion to dismiss.

Defendants urge this Court to decline to exercise supplemental jurisdiction over Liu's state-law claims.  But because this Court denies Defendants' motion to dismiss Liu's federal claims, her state-law claims survive as well.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is DENIED.  Defendants shall file answers to the complaint within 21 days after the date of this opinion and order.

The Clerk of Court is directed to close the motions at Docket Numbers 12 and 21.

SO ORDERED.

Dated: August 4, 2021
       New York, New York

_____
J. PAUL OETKEN
United States District Judge